**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARJORIE BROWN,
Plaintiff-Appellant,

v.

No. 95-2661

BOOZ-ALLEN & HAMILTON,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-93-3591-AW)

Argued: September 26, 1996

Decided: November 1, 1996

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
SMITH, United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Benjamin Jeremy Woolery, Upper Marlboro, Maryland,
for Appellant. Edward C. Bacon, MCCARTHY, BACON & COS-
TELLO, Lanham, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Marjorie Brown, was involved in an automobile accident in March of 1991. At that time, she was employed as a consultant or independent contractor with Booz-Allen & Hamilton (Booz-Allen). On or about January 13, 1992, Booz-Allen hired Brown as a full-time employee, thus covering her under the company's long-term and short-term disability plans.

On May 20, 1992, Brown, who was suffering from back problems, provided Booz-Allen with a certification of short-term disability signed by her attending physician. In order to receive short-term disability benefits beyond 45 days, Brown had to receive authorization for a continuation from Cost Care, Inc., the third-party administrator of Booz-Allen's short-term disability plan. A September 16, 1992, assessment report from Cost Care advised Brown's physician that she had provided insufficient medical information to authorize an extension of her disability. After Brown provided additional medical information, Cost Care notified her that a continuation of short-term disability status was not medically necessary. Brown appealed the Cost Care decision to a Cost Care appeals committee. Although Booz-Allen informed Brown that she could have another doctor review her disability status, Brown declined to do so because she believed that Cost Care was "taking their time" in getting another doctor. The Cost Care appeals committee reviewed Brown's medical records and upheld the original recommendation that disability beyond September 13, 1992, was not medically necessary.

Because Cost Care determined that Brown did not qualify for continued short-term disability, her leave status changed from an employee absent due to disability to an employee absent without pay. Booz-Allen therefore informed Brown that she was required to return to work on December 9, 1992, because of Booz-Allen's policy that

2

"any employee who has three consecutive days of unreported absence may be terminated." J.A. at 136. When Brown failed to return to work, Booz-Allen terminated her employment.

Brown brought a complaint against Booz-Allen under 29 U.S.C. § 1132 and 29 U.S.C. § 1140, claiming that Booz-Allen terminated her employment in order to avoid paying her long-term disability benefits, and under the Americans with Disabilities Act (A.D.A.), claiming that Booz-Allen failed to reasonably accommodate her back pain. At the conclusion of Brown's case, the district court granted Booz-Allen's motion for judgment as a matter of law.

Brown argues that the district court erred in concluding that Booz-Allen's notices of denial of benefits complied with ERISA's requirement that every employee benefit plan "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant . . . ." 29 U.S.C. § 1133. Brown received 16 notices from Cost Care over a three-month period, nine of which advised her of the denial of benefits. Although the early assessment reports informed Brown that her physician had not provided sufficient medical information, later notices explicitly informed Brown that the determinations were based on a review of her medical records. These notices informed Brown that, "[b]ased on the clinical information obtained, we have determined that the disability is not medically necessary at this time." J.A. at 52. We conclude that, within the context of the extensive correspondence and other communication between Cost Care and Brown, which left no doubt between the parties as to the claimed source and nature of disability, the notices from Cost Care were sufficiently clear to comply with the requirements of ERISA.

We further conclude that the district court did not err in holding that Brown failed to introduce evidence establishing a prima facie case of retaliatory discharge under ERISA. The district court correctly concluded that "[t]here is nothing before this court that shows any ill will, any effort at all by the defendant to deliberately stop and cut short those rights to prevent the plaintiff from ultimately receiving long-term benefits." J.A. at 31-32. The district court's conclusion is

3

buttressed by the fact that long-term benefits would have been paid by UNUM Life Insurance Co., rather than by Booz-Allen.

Brown's other arguments are likewise without merit. We find no reversible error in the district court's exclusion from evidence of Brown's medical records nor in its conclusion that Booz-Allen did not violate the Americans with Disabilities Act by declining to obtain a special chair for her until she returned to work.

We have read the briefs, heard oral argument, and given thorough consideration to the parties' contentions. For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED

4